Evelyn R. Marks v. Commissioner.
Marks v. Commissioner
Docket No. 1210-62.
United States Tax Court
T.C. Memo 1963-224; 1963 Tax Ct. Memo LEXIS 124; 22 T.C.M. (CCH) 1128; T.C.M. (RIA) 63224; August 21, 1963
*124 Evelyn R. Marks, pro se 1191 Bellflower Blvd., Downey, Calif., Robert L. Gnaizda, for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined deficiencies in petitioner's income tax for 1959 and 1960 in the amounts of $331.57 and $563.04, respectively. The petitioner filed her individual income tax returns for these years with the district director at Los Angeles. No testimony was presented at the hearing, and the only evidence before us consists of two exhibits filed by the Government, namely, two income tax returns, and an exhibit filed by the petitioner. The latter consists of a disorganized mass of papers, documents, and miscellaneous materials. One of the matters in controversy is petitioner's claim to two $600 personal exemptions on her own behalf. The Commissioner allowed only one. The second exemption claimed by petitioner in respect of herself was described in one of her returns as a "political disability dependency". Nothing in the materials before us would justify the allowance of more than one exemption under the statute. In determining the deficiencies for the years in controversy the Commissioner made the following adjustments *125 to taxable income: For 1959 he disallowed deductions of: (1) $35 in respect of reducing treatments, which he ruled did not constitute medical expenses; (2) $1,283 claimed as a "casualty" resulting from petitioner's dismissal as a Youth Authority Teacher; (3) and (4) $53.25 and $257.17 claimed as "education" and "business" expenses, respectively. For 1960 he disallowed a deduction of $1,000 claimed as a loss on the return resulting from various "human assets" becoming worthless, and he also recomputed the medical expense deduction, reducing it by $41.02. In addition, petitioner appears to claim deductions in the amounts of $870 and $583 for unused sabbatical leave and unused sick leave, respectively, as well as a deduction in the amount of $24.60 in respect of alleged overcharge of premium on an insurance policy from which she received no benefit. We have carefully examined the materials filed by petitioner but we cannot find that the Commissioner erred in respect of any of the items in controversy, or in respect of any of the other matters which have been placed before us. It is obvious that petitioner earnestly believes in the righteousness of her cause - much of which appears *126 to be unrelated to the tax issues before us -, but we are unable to find any relevant facts from the materials submitted that would justify upsetting the Commissioner's determination. Decision will be entered for the respondent.